United States District Court
Southern District of Texas
**ENTERED**
October 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PARIS RICHARDSON, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00176 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Paris Richardson, an inmate confined at the Polunsky Unit in Livingston, Texas, has filed this *pro se* 28 U.S.C. § 2254 habeas action. (Doc. No. 1.) In a Notice of Deficient Pleading ("Notice") issued on August 1, 2022, Petitioner was notified that he must do one of the following within thirty days: (1) pay the $5.00 filing fee for habeas corpus petitions; or (2) submit a completed application to proceed *in forma pauperis* (IFP) along with a certified copy of his inmate trust fund account statement. (Doc. No. 4.) In this Notice, Petitioner was also warned that failure to comply in a timely manner may result in his petition being dismissed. *See id*.

On September 14, 2022, the undersigned ordered Petitioner to show cause within 30 days explaining why his case should not be dismissed for want of prosecution. The undersigned warned Petitioner that failure to comply would result in a dismissal. (Doc. No. 5, p. 1.) In addition, the undersigned warned Petitioner that failure to comply with the order would result in a recommendation to the district court to dismiss Petitioner's cause of action and stated that the September 14 order was Petitioner's final notice of deficiency. *Id.* at 2. Neither the Notice nor the show-cause order were returned as undeliverable.

Rule 12 of the Rules Governing Section 2254 Cases allows for the Federal Rules of Civil Procedure (the "Rules") to be applied in habeas actions, provided the Rules are not inconsistent with any statutory provisions or the habeas rules. Pursuant to Rule 41(b), a district court may *sua sponte* dismiss a case for want of prosecution or for failure to comply with a court order. The Fifth Circuit has held that Rule 41(b) is not inconsistent with the habeas rules. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (explaining the district court has the inherent authority to dismiss an action *sua sponte*, and this authority does not conflict with the habeas rules). Therefore, Rule 41(b) applies to this habeas action.

To date, Petitioner has not satisfied the requirements to pursue his 28 U.S.C. § 2254 habeas action. Both the Notice (Doc. No. 4) and show-cause order (Doc. No. 5) advised Petitioner that this action would be dismissed for want of prosecution if he failed to comply with the instructions provided. Petitioner has repeatedly failed to follow court orders and submit the required filing fee or an application to proceed *in forma pauperis*. Petitioner has been clearly advised that this action may be dismissed for want of prosecution if he fails to comply with a court order. For these reasons, dismissal of this petition is appropriate.

Accordingly, the undersigned recommends that Petitioner's habeas action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b).

SIGNED on October 27, 2022.

                                          MITCHEL NEUROCK
                                          United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, and the United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).